MALTESE HOLDING CORPORATION, complainant,

*v.*

ELLEN CROWLEY et al., defendants.

[Decided February 18th, 1930.]

*Mr. Jacob Levey* (*Mr. Benjamin Nessanbaum,* of counsel), for the complainant.

*Miss Lillian Clawans,* for the defendant Ellen Crowley (*Mr. Irving W. Teeple,* of counsel), for the defendants.

FALLON, V. C.

My consideration of the matter *sub judice* actuates me in determining that the defense of usury urged by the defendant Ellen Crowley, as mortgagor, cannot prevail. A corrupt bargain to contravene the statute must be established in order to sustain a plea of usury. None such has been established herein. Withholding of a part of the loan as a bonus, without a previous agreement to that effect, does not constitute usury. The defense of usury must be strictly pleaded, and the answer must set out the particular facts and circumstances of the alleged usurious agreement. *Dunlap* v. *Chenoweth, 88 N. J. Eq. 496,* and cases therein cited. The proofs disclose that although the mortgage sought to be foreclosed and the bond accompanying same recite an obligation of the mortgagor to the mortgagee in the sum of $17,000, the actual amount advanced thereunder to the mortgagor was $13,600. For the latter mentioned sum the complainant is entitled to a decree herein. I am convinced that the instrument referred to as an estoppel agreement executed by the mortgagor was not proved to have been executed by her with full knowledge of the contents thereof. The mortgagor, as a witness, impressed me that the real purport of said instrument had not been made known to her and that she had not adequate business experience to warrant the court in assuming that she should be chargeable in law with knowledge of the purport thereof. I am also convinced that the alleged estoppel agreement was not a completed instrument in the manner in which it now appears when she executed same. It is clear to me that said instrument was materially altered subsequent to the signing thereof by the mortgagor. Furthermore, the

person before whom she is alleged to have acknowledged the due execution of said instrument posed as an attorney-at-law of the State of New Jersey when he was not such in fact. It was disclosed at the hearing herein that said person, Howard M. Hirschberg, who is described in the acknowledgment to said instrument as an attorney-at-law of New Jersey, had for a considerable time previous and subsequent thereto held himself out as an attorney-at-law of New Jersey, transacting business as such with many lawyers and others in Hudson and Essex county, with the result that he directly and indirectly was responsible for victimizing and defrauding a number of persons and corporations. At the time of the hearing it was made known to the court that said Hirschberg was a fugitive from justice. The complainant, as assignee of the mortgage sought to be foreclosed herein, cannot be afforded greater rights than its assignor. Equitable defenses which the mortgagor was warranted in interposing against the mortgagee inure to her benefit as against the assignee complainant herein. I am convinced that if the complainant had exercised reasonable precaution as to the *bona fides* of the mortgage in question and the rights of the mortgagee thereunder, it would have readily discovered the particulars of the transaction between the mortgagor and mortgagee, and the fact that the mortgagee had not advanced to the mortgagor the full amount of said mortgage. The proofs are conflicting as to the reasons why such sum was withheld by the mortgagee from the mortgagor. On the proofs herein it is manifest that the mortgagor is entitled to an allowance upon the mortgage in the proceedings herein of the sum of $3,400. I will advise a decree herein in favor of the complainant for the sum of $13,600, with interest at six per cent., the amount of which can be readily calculated by the solicitors for the respective parties. No costs or counsel fee will be allowed.